

1095 Avenue of the Americas
New York, NY  10036-6797
+1  212  698  3500  Main
+1  212  698  3599  Fax
www.dechert.com

DAVID N. KELLEY

david.kelley@dechert.com
+1 212 698 3580  Direct
+1 212 698 0460  Fax

March 14, 2018

**VIA EMAIL**

Richard A. Udell
U.S. Department of Justice
Environmental Crimes Section
P.O. Box. 23985
L'Enfant Plaza Station
Washington, DC 20026-3985
richard.udell@doj.gov

Thomas Watts-Fitzgerald
U.S. Department of Justice
Office of the United States Attorney
Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132-2111
thomas.watts-fizgerald@usdoj.gov

Re:  <u>U.S. v. Princess Cruise Lines, Ltd. – 1:16-cr-20897</u>: Environmental Ship Assistance Visit
     Program

Dear Richard and Tom:

On behalf of Carnival Corporation & plc and its wholly owned subsidiary, Princess Cruise Lines,
Ltd. (collectively the "Company"), and after consulting with Steven Solow, the Court Appointed
Monitor ("CAM"), I write to bring your attention to the Environmental Ship Assistance Visit
Program (the "Program"). As you may recall, during the December 4, 2017 status conference
before Judge Patricia Seitz in the above referenced matter, the Company made a commitment to
cease engaging in the practice of sending a "SWAT team" of experts to "pre-audit ships" and
clean up any issues immediately prior to an anticipated audit. *See* Transcript of the December 4,
2017 status conference, Tr. 67:21-70:6. The concern that you raised during the status conference
was that this effort "potentially undermines the ECP" in that it prevents the CAM and Third Party
Auditor ("TPA") from being able to realistically assess the current status of compliance aboard a
vessel and from identifying problems that would have otherwise existed but-for the immediately
preceding effort by the Company to clean them up. *Id.* This appeared to be particularly
concerning given your understanding that there was "no paper trail" regarding the findings of the
"SWAT team's" pre-audit that the TPA or CAM could review and incorporate in their own



Richard A. Udell
Thomas Watts-Fitzgerald
March 14, 2018
Page 2

assessment.  *See* Tr. 69:7-13.  In response to your concerns, the Company agreed to cease the practice of pre-auditing vessels, and immediately after the status conference senior management issued a directive that the practice be halted immediately.

After consulting with the CAM yesterday, it came to my attention for the first time that the Holland America Group ("HAG"), one of the Company's Operating Lines, recently embarked on a trial program called the Environmental Ship Assistance Visit Program.[1]  The purpose of this program is to have Company personnel with technical, environmental, and compliance backgrounds visit HAG vessels to meet and work with officers and crewmembers and provide environmental training, assist in Environmental Compliance Plan ("ECP") familiarization, and generally help the onboard personnel address any concerns or issues that they might have concerning environmental compliance.  The vessel visits are not intended to be audits but instead intended to be educational in nature, as the officers and employees work together to share lessons learned, Best Practices, answer questions, discuss how systems work, and learn about onboard ECP issues.  Ultimately, those conducting visits are then required to draft a report regarding the visits, which would be reviewed and used as a tool to identify areas of concern and continue improving the Company's environmental compliance and stewardship efforts.  And while the visits are not specifically designed to identify potential audit findings or reportable issues, should one be identified, the intention is to follow Company's reporting requirements, which would result in notification to the CAM and TPA.  Under the Program, visits would occur on both Covered and non-Covered Vessels, and HAG views this program as a worthwhile initiative to ensure both compliance with the ECP by its Covered Vessels, and that all ships meet all of the requirements of environmental stewardship and comply with applicable laws and regulations.

Given the concerns raised during the December 4, 2017 status conference, HAG made a concerted effort to preliminarily schedule the visits more than six months after a vessel was audited by the TPA in year-one of the ECP, and no closer than two months before or after the TPA conducted its year-two audit of the vessel.  The purpose of this scheduling decision was specifically to avoid any potential of interference with the CAM's visits or the TPA's audits.  To date, five of these visits were conducted, and none occurred closer than four months prior to any scheduled TPA audit.

Nevertheless, the Company now recognizes that, in establishing this program, it could create the appearance that the Company has breached its agreement with the Government and its commitment to the Court and continued the practice of pre-auditing its vessels.  The Company recognizes that it should have been more transparent and notified the CAM, TPA, and Interested

---

[1] The remaining Operating Lines have discussed potentially creating similar programs but have not, to my knowledge, fully developed or commenced any such program.


Dechert
LLP

Richard A. Udell
Thomas Watts-Fitzgerald
March 14, 2018
Page 3

Parties of this program before it was launched.  Once the Program came to our attention, an immediate stop to the program was instituted by senior management, and we are continuing to gather relevant information that will assist the Company, you and the CAM in assessing the program and whether it impedes improperly on the mission of the CAM and the TPA.  Further, the Company can assure you that it will neither recommence this program nor proceed with a similar initiative until complete and thorough consultation with the CAM, TPA, and the Interested Parties has been undertaken.

Having spoken with those behind the Program, it is my belief that HAG's only intent in beginning this trial program was to better support and educate its vessels, and to further its goal of meeting all of the ECP requirements and the goals it has set for environmental compliance across its entire fleet.  The Company is committed to working with the CAM and TPA to ensure that all concerns are addressed and their auditing efforts are not inhibited in any way.

Sincerely,

David N. Kelley

cc: John R. Francic, Third Party Auditor
    Thomas Nolan, Third Party Auditor
    Steven P. Solow, Court Appointed Monitor
    Jeffrey Feldman, U.S. Probation Officer
    LCDR Baxter Smoak, USCG, Office of Investigation & Casualty Analysis
    LCDR Anthony M. DeStefano, USCG Office of Maritime and International Law
    William Burke, Carnival Corporation & plc Chief Maritime Officer
    Arnaldo Perez, Carnival Corporation & plc General Counsel
    Kelly W. Clark, Holland America Group Chief Ethics Officer & General Counsel
    Christopher Donald, Carnival Corporation & plc Corporate Compliance Manager