UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-20897-CR-SEITZ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PRINCESS CRUISE LINES, LTD,

    Defendant.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION TO INTERVENE TO ASSERT RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT.**

**HEARING REQUESTED**

COME NOW Fotini Tsavousis Duncombe, Theodore Thoma, and Eric Forrer (collectively, "Victims"), by and through undersigned counsel, and, pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, and Federal Rules of Criminal Procedure 60(a)(3) and (b)(1), hereby submit this Memorandum in Support of their Motion to Intervene to Assert Rights Pursuant to the Crime Victims' Rights Act ("Motion").  In support of the Motion, the Victims state as follows:

## I.     INTRODUCTION

The criminal behavior of Princess Cruise Lines LTD and its parent Carnival Corporation ("Carnival") has caused significant harm to the environment and the individuals and communities that depend upon a clean environment for their livelihood and recreation.  These victims encircle the United States, as Carnival's activities span from Florida to Alaska, and from California to Maine.

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 1
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

Victims of Carnival's environmental crimes were not present or heard in proceedings resulting in the original plea agreement between the US Government and Carnival, which may have contributed to the compromise being weaker than Victims believe was necessary to bring about meaningful change in the corporate culture. The potential failure of the original plea agreement is aptly demonstrated by Carnival's ongoing criminal violations of environmental laws, reflected in the reports of the Court Appointed Monitor ("CAM"), the Government's efforts to revoke Carnival's probation, and ultimately to the present proceedings.

This Court should not consider another compromise between the Government and Carnival without meaningful participation by the victims of Carnival's environmental crimes. To do so would violate the letter and spirit of the CVRA and, equally importantly, the lack of transparency could cast a shadow over the legitimacy of these proceedings. Indeed, as Victims prepare this motion, neither they nor any other impacted communities have knowledge of: (1) the precise environmental crimes leading to the Government's efforts to withdraw the probation (what crimes, where and when they occurred), or (2) the terms of the proposed joint resolution between the Government and Carnival.

Such secrecy is inappropriate in a proceeding involving serious environmental crimes that threaten environmental resources across our nation. Moreover, such secrecy prevents meaningful participation by Victims or members of impacted communities and individuals, undermining the letter and spirit of the CVRA.

Victims and impacted communities should have the ability to meaningfully participate in the proceedings before this Court, and have a real opportunity to be heard before this Court rules on any proposed joint resolution.

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 2
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

The three individuals coming before this Court demonstrate how they are impacted by Carnival's crimes, including water and air pollution discharges from Carnival ships, but their stories represent the impacts on dozens of communities and thousands of individuals and businesses. They ask the Court to allow them the opportunity to participate in this process.

The CVRA provides crime victims with an array of rights which should be observed throughout the criminal justice process. The rights conveyed to victims under the CRVA are intended to make victims "an independent participant in the proceedings." *United States v. Degenhardt*, 405 F. Supp. 2d 1341, 1343-44 (D. Utah 2005) (internal citation and quotation marks omitted).

As discussed herein, courts recognize the victims of environmental crimes as victims under the CVRA. The Victims before the Court on this Motion are undoubtedly victims of Carnival's rampant and flagrant abuse of the environment, and they have the right to be heard. Neither these Victims, nor any other as yet unidentified victims of these crimes, was timely informed of the proposed joint resolution, and no victim has had the opportunity to confer with the attorneys for the United States regarding that proposed joint resolution, violating the letter and spirit of the CVRA.

In order to remedy this violation of the CVRA, the Court should delay its final decision on the proposed joint resolution to allow sufficient time for the Victims to exercise their rights under the CVRA. They must be given access to the information about Carnival's latest environmental crimes and the proposed joint resolution, and then have the opportunity to confer with the Government and provide written and oral comments to this Court.

In other environmental crimes cases, courts have held they are "bound to enforce" the victims' "right to inform the plea negotiation process by conferring with prosecutors before a

MEMO IN SUPPORT OF MOTION TO INTERVENE TO ASSERT RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT - 3
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883

plea agreement is reached." *In re Dean*, 527 F.3d 391, 395 (5th Cir. 2008). If the Court were to deny the Victims their rights to be heard at the hearing and to confer with the government prior to the proposed joint resolution being entered, this denial could be grounds for a writ of mandamus, resulting in this matter being remanded back to this Court for further proceedings. See *id*. at 395-96; 18 U.S.C. § 3771(d)(3). In the interest of judicial efficiency, it is better to delay this process so that all the interested parties can be aptly informed and then heard by the Government and this Court.

The Court here should find that the Victims are indeed victims as defined by the CVRA and that they have a right to be advised of the evidence of ongoing criminal activity and the proposed joint resolution, to confer with the prosecuting attorneys for the United States about the proposed joint resolution, and then to provide written and oral comment on the proposed joint resolution before this Court finally rules upon the proposal.

## II.     FACTUAL AND LEGAL BACKGROUND

### A.     The Victims

The victim statements of all three Victims are attached to the Declaration of Knoll Lowney in Support of the Motion ("Lowney Decl.", attached as Exhibit "A"). The impact on the Victims is also summarized briefly here.

Fotini Tsavousis Duncombe (who goes by Sam Duncombe), was born and raised in the Bahamas. She has seen the impact of Carnival's pollution in the Bahamas first hand, and feels great sadness and outrage over the way in which Carnival has treated her country. As she says, "Carnival Corporation makes me feel like a second class citizen in my own country: someone whose health, livelihood, and community are an easily ignored inconvenience for the multi-billion dollar international corporation." Duncombe Statement, attached as Exhibit "A1". Ms.

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 4
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

Duncombe describes the impact of Carnival's pollution on nearby beaches, reefs, and wildlife, as well on human health and the local economy that depends on a pristine environment. Ms. Duncombe wants the Court to know the human impact Carnival's crimes have caused, and feels that Carnival should face significant penalties as a result.

Eric Forrer has been an Alaska resident since 1962. He has been a commercial fisherman there for over forty years, including in the waters at the entrance of Glacier Bay. While fishing, he encountered and observed cruise ships on a daily basis. Mr. Forrer explains that, despite Carnival's apparent efforts to conceal its pollution dumping under the cover of night or in offshore waters, he has repeatedly seen highly contaminated plumes and oil sheens from Carnival subsidiary brand ships while fishing.  Mr. Forrer was further incensed to learn that Carnival was burning heavy fuel oil off the coast of Alaska without even having scrubbers online and that they dumped gray water into Glacier Bay while on probation. Mr. Forrer believes that Carnival's pollution directly impacts the health of Alaska residents as well as the fishing industry, and that Carnival "will only come around when being dirty is more expensive than being clean." Forrer Statement, attached as Exhibit "A2".

Theodore Thoma is the president of Responsible Cruising in Alaska and is an Alaska resident. Mr. Thoma has been working on issues relating to Carnival's pollution since the 1990s. He has worked with both individuals in Alaska and in other states to require Carnival to operate responsibly by minimizing their impacts on water and air quality. He is upset that despite these efforts and this case, "Carnival has continuously and repeatedly engaged in a pattern of pollution." Thoma Statement, attached as Exhibit "A3".  He feels embarrassed as an Alaskan citizen that Carnival has ignored the laws of Alaska which are designed to prevent pollution. Mr.

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 5
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

Thoma believes that Carnival is a "rogue entity" and that "Micky Arison, Arnold Donald, and their crew do not understand that ignoring the laws is unacceptable." *Id*.

### B.   The Crime Victims' Rights Act

Federal Rule of Criminal Procedure 60(b)(1) requires the Court to "promptly decide any motion asserting a victim's rights . . . ." The CVRA then identifies the rights available to crime victims, including: "(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding . . . (5) The reasonable right to confer with the attorney for the Government in the case . . . (9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement." 18 U.S.C. § 3771(a)(4), (5), and (9). The CVRA should be "liberally construed within the confines of the rights guaranteed." *United States v. Rubin*, 558 F. Supp. 2d 411 (E.D.N.Y. 2008).

The CVRA also provides, "In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the right described in subsection (a), the court shall fashion a reasonable procedure to give effect to this chapter . . . that does not unduly complicate or prolong the proceedings." This is especially important for environmental crimes, where the potential number of victims can be quite large. In one case in which there were approximately two hundred victims, the court held that notification to each of these cannot be said to be "impracticable." *In re Dean*, 527 F.3d at 395.

### III.   ARGUMENT

### A.   The Victims are "Victims" as Defined by the CVRA

The Court should find that the Victims here are "victims" as defined by the CVRA, which defines "victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. §

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 6
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

3771(e)(2)(A).  Notably, in the congressional testimony, one of the CVRA's co-sponsors notes that the CVRA's definition of "victim" "is an *intentionally broad definition* because all victims of crime deserve to have their rights protected . . . ." 150 CONG. REC. S10912 (Oct. 9, 2004) (emphasis added). The definition of "victim" should be construed broadly here to include the Victims before the Court.

The Eleventh Circuit established a two part test to determine if a person is a "victim." First, "we identify the behavior constituting 'commission of a Federal offense'" and second "we identify the direct and proximate effects of that behavior on parties other than the United States." *In re Stewart*, 552 F.3d 1285, 1288 (11th Cir. 2008). The Eleventh Circuit concludes, "If the criminal behavior causes a party direct and proximate harmful effects, the party is a victim under the CVRA." *Id*.[1]

First, there is no question that a federal offense was committed here, both in the original offense and its ongoing criminal activities, and that Carnival's illegal behavior had a significant negative impact on individuals and communities.  The original crime that gave rise to the prosecution involved oil pollution, which has the propensity to negatively impact essentially every beneficial use of the contaminated waters, from commercial fishing to recreation.  The crimes also included conspiracy to knowingly obstruct agency proceedings (Count 1) and "Obstruction of Agency Proceedings," (Count 6-7), described in the plea agreement as "To corruptly influence, obstruct, impede, and endeavor to influence, obstruct, and impede, the due and proper administration of law under a pending proceeding by the United States Coast Guard

---

[1] The Court should also note that it is not necessary that a victim be listed in the indictment in order to be afforded rights under the CRVA. *See In re Stewart*, 552 F.3d at 1289 (finding that the CRVA "does not limit the class of crime victims to those whose identity constitutes an element of the offense or who happen to be identified in the charging document.").

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 7
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

and the Department of Homeland Security, specifically U.S. Coast Guard inspections of the Caribbean Princess, in violation of Title 18, United States Code, Section 1505."

In describing the seriousness of these crimes, the Government's Sentencing Memorandum in Support of the Plea Agreement noted that Carnival had engaged in "egregious" and "serious criminal offenses" and that seriousness was established by numerous "aggravating factors." *See* Docket No. 26. These factors have a capacity to impact both water and air pollution. These include "bypassing and subverting required pollution prevention equipment;" "tampering with required environmental monitoring devices in a manner designed to avoid detection;" "numerous and substantial acts of concealment; "actual and perceived threats by senior supervisory engineers to lower level employees resulting in witness tampering;" "publicly claiming the company was environmentally compliant and using the best available technology when that was not accurate;" "failure to provide adequate training, equipment and services to assure compliance;" "failure to conduct comprehensive internal audits that would have discovered the problems;" and "failure to establish and maintain a corporate culture that prized environmental compliance."

The environmental violations found by the Court Appointed Monitor ("CAM") also implicated both water and air pollution. In the First Annual Court Appointed Monitoring Report, page 46 and Appendix E, the CAM recognized ongoing violations relating to exhaust gas cleaning systems, including failure to properly train, and other air pollution violations, leading to serious environmental impacts. Thus, Carnival's criminal activities impact both water and air emissions. Victims have demonstrated that they are victims of both.

Courts have found that victims of environmental crimes met the definition of "victim." In *United States v. CITGO Petroleum Corp.,* 893 F. Supp. 2d 848, 853-54 (S.D. Tex. 2012), the

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 8
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

Court held that community members were "victims" under the CVRA by finding that they were "harmed" by CITGO Petroleum's criminal behavior. In that case, the crime victims stated that they were harmed by breathing noxious fumes emitted from defendant's facility. *Id.* at 852-53. Reversing its own earlier holding, the district court held that the victims need not provide "documentary medical evidence confirming injury or illness due to chemical exposure in order to qualify as victims under the CVRA."

Similarly, the Ninth Circuit has recognized that although victims of environmental crimes may be numerous, they can nonetheless meet the definition of "victim" in the CVRA *Parker v. United States Dist. Court (In re Parker)*, Nos. 09-70529, 09-70533, 2009 U.S. App. LEXIS 10270 (9th Cir. Feb. 27, 2009) (reversing *United States v. W. R. Grace*, 597 F. Supp. 2d 1157 (D. Mont. 2009), which denied victims status based on the argument that environmental crime victims are not readily identifiable).

Here, the Victims are "victims" as defined by the CRVA. They have sufficiently demonstrated the harm caused to them a direct result of Carnival's illegal discharges of pollution. For instance, Ms. Duncombe has witnessed firsthand the effects of Carnival's pollution on the Caribbean, noting the impacts to everything from the island nation's reefs to human health concerns, as well as the impact to the pristine waters upon which the Bahamas depend for their way of life and the tourism-based economy. As the leader of an environmental organization in the Bahamas, she is particularly devastated and aware of the impacts of this pollution. Then, Mr. Forrer has also had personal encounters with Carnival's pollution while working as a commercial fisherman in Alaska which jeopardize his ability to market clean healthy fish from what should be pristine waters near Glacier Bay. Mr. Thoma is also an Alaska resident who describes how Carnival's flagrant violations impact his local community and

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 9
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883

threaten the health and safety of Alaskans and the environment they depend on. These three Victims all suffer as a direct result of pollution from Carnival ships.

**B.     The Victims Should be Afforded Their Rights Under the CVRA**

Once the Court determines that the Victims are indeed "victims" as defined by the CVRA, the Court must afford the Victims their rights under the act.18 U.S.C. § 3771(a)

*See also In re Dean*, 527 F.3d at 395 (rejecting the argument that allowing victims to confer with attorneys for the government regarding plea negotiations could "impair the plea negotiation process," because that "does not matter: The Act gives the right to confer.").

Consistent with the letter and purpose of the CVRA, courts have rejected arguments in cases of environmental crimes that the number of victims rendered "notice to, or conferring with, the victims to be impracticable," holding that "the victims should have been notified of the ongoing plea discussions and should have been allowed to communicate meaningfully with the government, personally or through counsel, before a deal was struck." *In re Dean*, at 395-96 (ultimately holding that the CVRA's requirements were met where the victims had been notified and given the opportunity to submit additional briefing, and the court granted a request to delay filing that briefing until a transcript was prepared).

Finally, the court in *In re Dean* emphasized the importance of the victims' rights to confer with prosecutors *before* any plea deal is finalized:

> the [district] court missed the purpose of the CVRA's right to confer. In passing the Act, Congress made the policy decision – which we are bound to enforce – that the victims have a right to inform the plea negotiation process by conferring with prosecutors before a plea agreement is reached. That is not an infringement . . . on the government's independent prosecutorial discretion . . .; instead, it is only a requirement that the government confer in some reasonable way with the victims before ultimately exercising its broad discretion."

*Id*.

MEMO IN SUPPORT OF MOTION TO INTERVENE TO ASSERT RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT - 10
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883

Here, the Victims were not notified in advance of this hearing, nor of the proposed joint resolution, in violation of 18 U.S.C. 3771(a)(2) and (9). For that matter, there is no indication in the record that *any* victim of Carnival's crimes has been notified. Much less have Victims been afforded their right to confer with the attorneys for the United States regarding the proposed joint resolution, in violation of 18 U.S.C. § 3771(a)(5).

The Court can remedy this failure, as the Court did in *In re Dean*, by allowing the Victims an opportunity to meaningfully participate in these proceedings. In order to provide a meaningful opportunity to confer, the Court should delay its final consideration of the proposed joint resolution until (1) Victims are provided access to the evidence of Carnival's ongoing criminal activities, as found by the Government; (2) Victims are provided access to the proposed joint resolution; (3) then, with that knowledge, Victims are provided an opportunity to confer with the attorneys for the Government; and (4) Victims are provided an opportunity to submit testimony to this Court on the proposed joint resolution.

As the Court is aware, the probation hearing was originally slated to take place during the week of June 17, 2019. Because the hearing on the proposed joint resolution was moved up by two weeks, most of the Victims are unable to attend the hearing themselves, and so are appearing through their undersigned attorney. Had the hearing remained scheduled for the week of June 17, 2019, the Victims would have attempted to fully utilize the CVRA rights without causing any delay in proceedings. The unexpected proposed joint resolution and the acceleration of the hearing date did not allow this and required this emergency motion.

C.   **The Victims Can Also be Heard Under 18 U.S.C. § 3661.**

Even if the Victims did not qualify as "victims" as defined by the CVRA (which they do), the Court should still consider their testimony as provided for by 18 U.S.C. § 3661. That

MEMO IN SUPPORT OF MOTION TO INTERVENE TO ASSERT RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT - 11
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington 98112
(206) 860-2883

statute preserves the Court's broad discretion in sentencing, stating that "[n]o limitation shall be placed on the information concerning the background, character, and conduct a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661.  For example, in *United States v. Atl. States Cast Iron Pipe Co.*, 612 F. Supp. 2d 453 (D.N.J. 2009) the court held  that even where a person cannot be considered a "victim" under the CVRA, that the court does not abuse its discretion by allowing that person to speak at a sentencing under § 3661) (collecting cases).

Moreover, the Eleventh Circuit has held that the CVRA "does not limit the information concerning the background, character, and conduct of a person convicted of an offense that the court may hear at sentencing" and that "[t]he sentencing judge may conduct a broad inquiry, 'largely unlimited' either as to the kind of information he may consider, or the source from which it may come." *United States v. Gianoli*, 537 F. App'x 849, 852 (11th Cir. 2013) (quoting *United States v. Tucker*, 404 U.S. 443, 446 (1972)).

Accordingly, if this Court does not find that Victims are "victims" as defined by the CVRA, the Court should still allow Victims the right to be heard through their counsel at the June 3, 2019 hearing, and the other participation requested in the Motion, under 18 U.S.C. § 3661 and *United States v. Gianoli*, 537 F. App'x at 852.

D.     **This Motion is an Emergency Motion Under Local Rule 7.1(d)(1).**

The Victims' Motion is an emergency motion pursuant to Local Rule 7.1(d)(1), and should be decided by the hearing date of June 3, 2019.  This emergency ruling on an expedited schedule is also proper under Federal Rule of Criminal Procedure 60(a)(3) and (b)(1), which require the Court to "promptly decide any motion asserting a victim's rights described in these

MEMO IN SUPPORT OF MOTION TO
INTERVENE TO ASSERT RIGHTS UNDER
THE CRIME VICTIMS' RIGHTS ACT - 12
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

rules." As this Motion asserts the Victims' rights under the CVRA, it is one which should be decided "promptly."

The emergency nature of this motion is due to the proposed joint resolution which may be entered by the Court on June 3, 2019. If this Motion is not heard and decided at or before the June 3 hearing, the Victims will not have been afforded their rights, in violation of the CVRA.

Importantly, none of the Victims were provided with advance notice of the June 3, 2019 hearing, also in violation of the CVRA, and so were not afforded an opportunity to submit briefing sufficiently in advance of the hearing. In order to provide Victims with their statutory right to be heard, it is necessary for the Court to decide this motion on or before June 3, 2019. Moreover, as explained above, the probation revocation hearing was originally slated to take place during the week of June 17th. Had the hearing on the proposed joint resolution remained scheduled for the week of June 17th, this motion would have been submitted farther in advance.

### E.  Request for a Hearing

The Victims request a hearing for this motion to take place on June 3, 2019 in conjunction with the June 3, 2019 hearing already scheduled for this case. Because this Motion was filed on an emergency basis, prepared on an expedited basis, oral argument of this Motion will allow the undersigned attorney to shed further light on the arguments presented herein.

### IV.  CONCLUSION

As this is a criminal proceeding involving impacts to individuals and communities throughout these United States, the Courts should provide the utmost transparency and an opportunity for victims to be heard before the Court considers a proposed joint resolution.

MEMO IN SUPPORT OF MOTION TO INTERVENE TO ASSERT RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT - 13
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883

Emergency Declaration:
After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

RESPECTFULLY SUBMITTED this 30th day of May, 2019.

**SMITH & LONWEY, PLLC**

By: */s/ Knoll Lowney*
Eric "Knoll" Lowney, *pro hac vice pending*
Washington Bar No. 23457
2317 E. John Street,
Seattle, WA 98112
Tel: (206) 860-2883;
Fax: (206) 860-4187
Email: knoll@smithandlowney.com

By: */s/ Stephen S. Stallings*
Stephen S. Stallings, Esquire
Fla. Bar No. 958859
The Law Offices of Stephen S. Stallings, Esq.
601 Brickell Key Drive, Suite 700
Miami, FL 33131
attorney@stevestallingslaw.com
Tel:  (786) 257-2770
Fax:  (412) 322-7773

*Counsel for* Fotini Tsavousis Duncombe, Theodore Thoma, and Eric Forrer

MEMO IN SUPPORT OF MOTION TO INTERVENE TO ASSERT RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT - 14
1:16-CR-20897-PAS

Smith & Lowney, p.l.l.c.
2317 east john street
Seattle, Washington  98112
(206) 860-2883