UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-CR-20897-SEITZ

UNITED STATES OF AMERICA,

v.

PRINCESS CRUISE LINES, LTD.,

    Defendant.
_____/

## ORDER RE: OCTOBER 2, 2019 STATUS CONFERENCE

THIS MATTER came before the Court for the July 19, 2019 status conference. Based on the discussion during that conference and to prepare for the status conference set for October 2, 2019, at 2 pm, in Courtroom 11-4, below are the items the parties must be prepared to discuss. It is therefore

ORDERED THAT:

1. Defendant and its related entities (hereinafter, "Defendant") shall be prepared to:

    a. Describe the current state of the compliance and ethics program; the changes to that program Defendant will make to have a "world class compliance and ethics program," as Defendant said at the hearing; and how it will measure the success of these efforts.

    b. Describe the content and frequency of compliance and compliance-culture training for the Carnival Corporation & plc Board of Directors, and for executives of Carnival Corporation & plc. and its brands, and the measures that will be used to evaluate the effectiveness of the training.

  c. Describe Defendant's plan for ongoing meetings between the CAM and its Board of Directors, and the frequency of the same.

  d. Through Sandy Rowlett, Vice President, Incident Analysis Group (IAG) at Carnival Corporation & plc, describe the actions and timetable to address the weaknesses in Defendant's internal investigations and related root-cause analyses and corrective and preventive actions, including:

    i. The status of the milestones put forward by Defendant to implement changes to Defendant's corporate-wide investigation function shown in the timetable submitted to the Court on September 26, 2018. [DE 84].

    ii. The process for identifying and classifying matters for internal investigations, including the specific individuals responsible for making such determinations, and the process for resolving internal disputes regarding how a matter should be investigated (such as, by a ship or by the IAG).

    iii. The time frames for deciding whether any issue will be investigated and by whom within the company.

    iv. The root-cause analysis methodology or methodologies it has selected for its investigations.

    v. The content and frequency of training to be provided to both fulltime investigators and to any shore or shipboard personnel who will undertake internal investigations.

    vi. The process for communicating the results of investigations to the Leadership Team and the Board of Directors.

        vii.        Any other steps Defendant designed to ensure that investigations identify root causes and develop effective corrective and preventive actions. This shall include a description of Defendant's process for determining whether corrective and preventive actions require changes to allocation of resources, strategic and financial plans, levels of staffing and crew, training content or methods, and work conditions. The CEO and Chairman of the Board must be prepared to explain the Defendant's plan to implement the necessary changes identified as a result of the root-cause findings.[1]

2.        The Government shall take the lead to describe the jointly agreed-upon metrics for environmental compliance and how those metrics will be tracked and presented to the Court.

3.        Both parties shall discuss Defendant's compliance with the terms of the Agreement for the Court's Consideration Resolving the Superseding Petition for Summons for Offender under Supervision dated April 26, 2019, accepted by the Court on June 6, 2019.

DONE AND ORDERED in Miami, Florida, this 24th day of July 2019.

*[signature]*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:        All counsel of record

---

[1] The Carnival Corporation & plc Chair of the Board, Mickey Arison, and President and Chief Executive Officer, Arnold Donald, shall attend all future court conferences and hearings.