UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-20897-CR-PAS

UNITED STATES OF AMERICA,

      Plaintiff,
vs.

PRINCESS CRUISE LINES, LTD.,

      Defendant.
_____/

### ORDER ON
### PETITION FOR SUMMONS FOR OFFENDER UNDER SUPERVISION

THIS MATTER came before the Court for a quarterly Status Conference on October 29, 2021. Pursuant to the Court's Order, the hearing focused on "the status of the Company's[1] internal investigation program, including the extent to which it is empowered with the necessary authority, independence, and resources." [DE 233 at 2].

Ahead of the hearing, as directed by the Court, the Court Appointed Monitor ("CAM") submitted a letter with the CAM and Third-Party Auditor ("TPA") analysis of the Company's internal investigation and analysis program. Their careful evaluation, supported by extensive document review and numerous interviews with Company employees, is further supported by findings from the Company's own internal and external consultants. They conclude that "the Company does not yet have an effective, independent, and empowered internal investigation program." [DE 236 at 2].[2]

---

[1] The "Company" refers collectively to Defendant, its parent corporation, and related corporate entities.

[2] Ahead of the hearing, the TPA separately issued a Major Non-Conformity audit finding "with regard to [ECP] Section III.C.1" after finding "instances in which the IAG's investigations are not in compliance with the requirement for independent investigations." *Id.* (citation omitted).

The Court has reviewed the CAM and TPA letter [DE 236], the Company's response [DE 240], and the Government's reply [DE 242]. Based on that review, the discussion at the hearing, and with due consideration of the efforts being made by the Company's CEO and many top executive leaders to support culture change, the Court will not at this time issue a show cause order for why the Court should not hold the Company's CEO and Chairman of the Boards of Directors in contempt for their failure to meet probation obligations. However, the Court finds that there is a sufficient basis to issue a summons to commence a revocation proceeding for the prolonged failure of the Company to meet its probation obligation to "establish and maintain an independent Incident Analysis Group." ECP § III.C.1 (June 3, 2019).

The analysis by the CAM and TPA makes clear that this shortcoming occurs within the context of many good faith efforts, by the Incident Analysis Group ("IAG") itself, as well as by employees at all levels across the Company. What has yet to be addressed, and of primary concern, is the reluctance of some leaders at the highest levels to take the uncomfortable first steps towards culture change: acknowledging the existence of a culture that has tended to minimize or deflect problems; and recognizing their role in creating or perpetuating that culture. [DE 236 at 11]. These steps are prerequisites to assuring the Company's employees that top leadership is truly committed to change from a "culture that seeks to minimize or avoid information that is negative, uncomfortable, or threatening to the Company." *Id.* at 2.

The Company's written response admits the need to implement almost every CAM and TPA recommendation for improving the internal investigation function. It also describes some of the significant progress the Company has made, as recognized by this Court and the CAM.[3] The

---

[3] At the most recent Status Conference, the Company also confirmed that its post-ECP goals "are aligned" with the goals set out in the CAM Fourth Annual Report. Status Conf. Tr. at 51-52 (Oct. 29, 2021).

Company's written response and statements made to the Court at the Status Conference are notable for what they avoid: namely, the role of top leaders in creating or perpetuating a culture that has made it difficult for employees to speak up (as evidenced through recent and recurring incidents in which employees do not seek help or disclose shortcomings), and, in the case of IAG, to provide thorough analyses about compliance risks.

The revocation proceedings are yet another opportunity for the Company's highest and most influential leaders—most importantly, its Chairman of the Board—to address their own role and personal responsibility for the Company's existing culture problems that increase the risk of a compliance or safety failure that could endanger human health or the environment.

Accordingly, it is hereby ORDERED:

1) The Defendant shall appear for its Initial Appearance on Revocation Proceedings, as indicated in the Probation Summons that is being filed concurrently with this Order.

2) The Company shall certify to the Court that this Order has been personally served on each member of the Boards of Directors no later than December 10, 2021.

DONE AND ORDERED in Miami, Florida, this 23rd day of November, 2021.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record