UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-20897-CR-PAS

UNITED STATES OF AMERICA,

    Plaintiff,
vs.

PRINCESS CRUISE LINES, LTD.,

    Defendant.
_____/

### ORDER ON GOVERNMENT'S AND DEFENDANT'S MOTIONS RE: FILING DEFENDANT'S QUARTERLY WASTE DISPOSAL REPORTS

THIS MATTER is before the Court on the Defendant's Motion to Require Filing Under Seal of Quarterly Waste Disposal Reports [DE 285]. The Court has considered the Motion, the Government's Opposition [DE 287], the Government's prior Motion to Seek Approval to file ECP-Required Reports as Public Record Documents [DE 277], the Defendant's Opposition to that motion [DE 281], and the record.

The Defendant's motion opposes the Government's prior request to file in the Court docket the Quarterly Machinery Waste Collection Database Reports that the Defendant submitted to the Interested Parties,[1] Court Appointed Monitor ("CAM"), and Third Party Auditor ("TPA") on a quarterly basis throughout the probationary period, pursuant to the Environmental Compliance Plan ("ECP") § III.A.16 ("Waste Disposal Reports").[2] The Defendant opposes the filing of the Waste Disposal Reports in any form (*i.e.*, under seal or otherwise). Should any

---

[1] The Interested Parties are the United States Department of Justice, multiple offices of the United States Coast Guard, and the Office of Probation. ECP § I.D.

[2] The Court previously denied the Government's request to publicly file a summary of this data the CAM prepared. *See Order Granting Defendant Leave to File Motion to Seal and Holding in Abeyance Government's Motion to File Reports* (Apr. 10, 2022) [DE 283 at 2].

Waste Disposal Reports be filed, the Defendant requests that they be filed under seal. The Defendant argues that (1) the Waste Disposal Reports are not judicial records to which a right of public access applies; and (2) even if the Waste Disposal Reports were judicial records, they contain "confidential and competitively sensitive information" that merits filing them under seal. [DE 285 at 1]. In response, the Government argues that (1) the Waste Disposal Reports are judicial records with a presumptive right of public access; and (2) the Defendant has not shown sufficient "good cause" to overcome this presumption. *See* [DE 287 at 4-8].

The question of whether, and if so, under what circumstances, records a corporate criminal defendant submitted to the Government pursuant to terms and conditions of probation qualify as judicial records appears to be a matter of first impression. Both Parties cite to an Eleventh Circuit civil case for the relevant standard. *See Commissioner, Alabama Department of Corrections v. Advance Local Media, LLC*, 918 F.3d 1161 (11th Cir. 2019). Under the *Advance Local Media* standard, records, whether formally filed with the court or not, must be "integral to the judicial resolution of the merits" to qualify as judicial records subject to the common law right of access. *See id.* at 1166-67; *see also Locke v. Warren*, --- F.Supp.3d ---, 2020 WL 2763890, at *4-5 (S.D. Fla. Feb.10, 2020) (echoing same). This is a fact-specific inquiry.

This Court finds that, under the appropriate circumstances, records submitted to the Government by a corporate criminal defendant under probation may qualify as judicial records subject to a right of public access. In this particular instance, however, the Court finds that the Waste Disposal Reports do not meet the *Advance Local Media* standard because the reports have not been "integral to the judicial resolution of the merits" of an issue in this matter. The Waste Disposal Reports did not directly inform the exercise of this Court's judicial functions in this matter, including the Court's oversight of the Defendant during the term of its criminal

probation.  As the Defendant notes, the Government is not "asking the Court to consider the information in the [Waste Disposal] Reports or to take any action based on that information." [DE 285 at 1, n.1]; *see also* [DE 281 at 1].  And, as the Government itself states, the information in the Waste Disposal Reports "is of the greatest potential value to *third-parties*." [DE 277 at 4] (emphasis added).[3]

The Court recognizes that circumstances could have arisen in which the Waste Disposal Reports *would* have been integral to exercising judicial functions and thus be judicial records. However, reviewing the facts and the context in which these materials were submitted to the Court, this is not such a circumstance.

The Defendant's opposition to the release of the Waste Disposal Reports is concerning. In a recent Court submission, the Defendant asserts that it has "been through a period of tremendous growth in environmental protection and compliance" and "meaningfully evolved into a company with an enhanced, focused commitment to environmental compliance." [DE 280 at 1].  Setting aside the Defendant's arguments about tank capacity data that the Government does not seek to file,[4] the Defendant has not articulated any compelling rationale for competitive or other harm it would suffer from the release of the Waste Disposal Reports, even after having had the opportunity to do so in two different motions.

---

[3] To the extent the Waste Disposal Reports could be valuable to third parties, the Government notes that third parties may be able to avail themselves of the disclosure of these records through the Freedom of Information Act.  *See* [DE 287 at 2, n.1]; [DE 277 at 4-5].

[4] The Defendant appears to largely limit its arguments about confidential and competitively sensitive information to tank capacity data that was submitted in conjunction with the Waste Disposal Reports under ECP § III.A.16.  The Government does not seek the release of any tank capacity data, which the Court understands could be redacted or excised from the waste discharge/offload data in the Waste Disposal Reports.  *See* [DE 287 at 3-4].  Therefore, the Defendant's arguments on this point are of no moment.  *See* [DE 283 at 2, n.1].

Moreover, the Defendant's opposition to the disclosure of the information is also contrary to public statements contained on the Carnival Corp. website about transparency as to its environmental processes and performance:

> Carnival Corporation & plc receives many enquiries about our sustainability and environmental policies, practices, and performance from a wide variety of stakeholders, including our guests, our employees, investors, and others. Many such questions can be answered by ***informing our stakeholders about the actual processes and the proactive approaches that we take***. By publishing sustainability reports, ***we are able to be transparent, while informing our stakeholders about our commitments to and progress on improving our sustainability and environmental performance***.

Carnival Corp., *Transparency & Reporting*, https://www.carnivalcorp.com/transparency-and-reporting/sustainability-reports (emphasis added).

If the Defendant intends to live up to these transparency claims, and its goal of being an "exemplary steward of the environment" [DE 280 at 2], it could quite simply release this information, as opposed to the very limited information currently in its Sustainability Reports. Doing so would exhibit leadership and transparency to its shareholders, customers, and the public by providing the details of its waste offloads ashore and discharges into the ocean environment.

Accordingly, it is ORDERED:

1) The Government's Motion Seeking Court Approval to File ECP-Required Reports as Public Record Documents [DE 277] is DENIED.

2) The Defendant's Motion to Require Filing under Seal of Quarterly Waste Disposal Reports [DE 285] is DENIED AS MOOT.

DONE AND ORDERED in Miami, Florida, this 18th day of April, 2022.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record